## SMITH v. WARNOCK.

## WARNOCK v. SMITH.

(Court of Appeals of District of Columbia. Submitted January 26, 1921. Decided March 7, 1921.)

### Nos. 1364, 1366.

1. Patents ⬤⟹106(2)—Count for vacuum pump broad enough to read on machine with flap valve.

A count in an interference proceeding covering a vacuum pump *held* broad enough to read on a machine reduced to practice, though such machine had a flap valve, instead of the annular disk valve, called for by the other counts.

2. Patents ⬤⟹90(5)—One first to conceive and last to reduce to practice denied priority, when diligence lacking.

One who was first to conceive an invention and last to reduce it to practice, and was lacking in diligence at the time another inventor came into the field, is not entitled to priority.

3. Patents ⬤⟹90(5)—One first to conceive and first to reduce to practice entitled to priority.

One who was first to conceive an invention and the first to reduce it to practice is entitled to priority.

Appeal from a Decision of the Commissioner of Patents.

Interference proceeding between Karl D. Smith and Robert Warnock. From a decision granting Smith priority as to one count, and Warnock priority as to the others, both parties appeal. Affirmed.

Fred L. Chappell and Otis A. Earl, both of Kalamazoo, Mich., for Smith.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., and Edmund Quincy Moses, of New York City, for Warnock.

VAN ORSDEL, Associate Justice. This is a companion interference to Nos. 1363 and 1365, —— App. D. C. ——, 271 Fed. 556, this day decided. As in that case, it relates to a vacuum pump. The testimony is in a single record, and applies to both interferences. The issue in the present interference is in three counts, of which the following will serve our present purpose:

"1. In a structure of the class described, the combination with a cylinder, of a head therefor comprising a pair of superimposed head members, the inner head member having an annular inlet chamber, an annular valve seat on its outer face, a plurality of inlet ports opening into said valve seat, and a plurality of cylinder ports, said head members being formed to inclose between them an annular inlet valve chamber into which the cylinder ports open, the superimposed member being provided with an annular discharge valve seat and a plurality of discharge ports opening into said discharge valve seat and to said inlet valve chamber, and annular disk-like valves disposed on said seats."

"3. In a structure of the class described, the combination with an open ended cylinder, of a head detachably secured thereto and provided with three su-

perimposed chambers, the lower chamber constituting an inlet chamber, the upper chamber constituting a discharge valve chamber, and the intermediate chamber constituting an inlet valve chamber, said head being provided with inlet, outlet, and cylinder ports establishing communication between said inlet valve chamber and said inlet chamber, discharge chamber, and cylinder, respectively, and valves for closing the upper ends of said inlet ports and said discharge ports."

[1] Counts 1 and 2 include a head member with an annular inlet chamber. It therefore appears that Smith's Exhibit 7 machine embodied these counts, but it was not reduced to practice; hence it merely fixes a date of conception by Smith. Smith's Exhibit 13, which we held was reduced to practice, but did not embody any of the counts of the companion interference, since it had a flap valve, embodies count 3, which is not limited to the annular disk valve, but is broad enough to read upon the Exhibit 13 machine.

[2] It therefore follows that, since Smith's machine, as reduced to practice in August, 1915, and his application in the companion case, failed to disclose the annular inlet chamber as part of the head, he is held to his filing date, March 6, 1917, for constructive reduction to practice of counts 1 and 2. While he may be accorded conception as of the date of the Exhibit 7 machine—December, 1914—he was first to conceive and last to reduce to practice, and, lacking diligence at the time Warnock came into the field, he cannot prevail as to these counts.

[3] Count 3, however, was embodied in the Exhibit 3 and Exhibit 13 machines of Smith. He therefore is entitled to the date of the Exhibit 3 device—1913—for conception, and the date of the Exhibit 13 machine—December, 1914—for reduction to practice. Being, therefore, the first to conceive and the first to reduce to practice, he must prevail as to count 3.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.